IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: NATIONAL SECURITY LETTER 19-498157

UNDER SEAL,

    Petitioner,

v.

WILLIAM BARR, ATTORNEY GENERAL,

    Respondent.

Serve: William Barr, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Serve: G. Zachary Terwilliger, U.S. Attorney
Eastern District of Virginia
2100 Jameison Avenue
Alexandria, VA 22314

Civil Action No.: 1:19-CV-1608-AJT/MSN

FILED
2019 DEC 23 P 4: 22
CLERK US DISTRICT COURT
LEXANDRIA, VIRGINIA

PETITION TO SET ASIDE NATIONAL SECURITY LETTER 19-498157

COMES NOW, Petitioner Under Seal, by and through undersigned counsel and moves this Honorable Court to set aside the requests of National Security Letter 19-498157 served upon Petitioner by Respondent and alleges as follows:

I.    Nature of Matter

1. This is a petition under 18 U.S.C. §3511(a), by Petitioner against Respondent for requests pursuant to National Security Letter 19-498157, under alleged authority of 12 U.S.C. §3414(a)(5) of the Right to Privacy Act.

## II. Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 18 U.S.C. §3511(a).

3. Venue is proper in this district and in this division because Petitioner does business in this district and in this division as required under 18 U.S.C. §3511(a).

## III. Parties

4. Petitioner is an information processor of card data, connecting merchants with financial institutions.

5. Respondent, in his official capacity, is the head of the Department of Justice, a United States Agency, which oversees the Federal Bureau of Investigations, the issuer of the National Security Letter at issue.

## IV. Statement of Facts

6. The Federal Bureau of Investigations, in a National Security Letter dated November 5, 2019 ("NSL"), requested all financial records pertaining to two targets.

7. Notwithstanding the foregoing, the NSL was delivered to Petitioner on or about November 21, 2019.

8. The NSL cites as its authority Title 12, United States Code (U.S.C.), Section 3414(a)(5) of the Right to Financial Privacy Act.

9. Specifically 12 U.S.C. §3414(a)(5) grants access to financial records for certain intelligence and protective purposes and requires compliance from financial institutions.

10. This statute refers to 31 U.S.C. §5312 for the definition of "Financial Institution."

11. Part (a)(2) of 31 U.S.C. §5312 designates twenty-six categories of financial institutions including banks and operator of a credit card system.

12. The statute does not however, provide a definition for "operator of a credit card system."

13. Further, the statute does not

14. In regards to the targets of the NSL, Petitioner originally served as a third party sales agent to connect the targets with a payment processor, and are not involved in the merchant flow of funds.

15.

16. As such, Petitioner does not qualify as a "Financial Institution" subject to compliance with 12 U.S.C. §3414(a)(5) or the NSL.

WHEREFORE, Petitioner respectfully requests that pursuant to 18 U.S.C. §3511(a) this Court set aside the National Security Letter, and such other relief as this Court considers proper.

                    Respectfully Submitted,

                    Under Seal

                    *By Counsel*

DYCIO & BIGGS

By: _____
John Spurlock-Brown, Esq. VSB# 88015
10533 Main Street
Fairfax, Virginia 22030
T: (703) 383-0100
F: (703)383-0101
jspurlockbrown@dyciolaw.com
*Counsel for Petitioner*